FRANKEL v. FARMERS' LOAN & TRUST CO. et al.   (No. 7539.)

(Supreme Court, Appellate Division, First Department.   July 9, 1915.)

TRUSTS ☞273—PROCEEDS OF SALE—RIGHT TO INCOME.

    Upon a trustee's sale of a leasehold belonging to defendant's decedent, decedent's widow brought action for adjudication that the proceeds of the sale stand in place of the leasehold, and that the life tenants were entitled to the same income therefrom as had been received prior to the sale, and not merely to the net income on the proceeds. By a former opinion construing the will it was adjudicated that the executors were not required to sell the leasehold, and that the life tenants were entitled to receive the entire net rentals from the leasehold for the balance of the term. *Held* that, the sale of the leasehold being for the benefit of the life tenants and not the remaindermen, the proceeds of the sale should be deemed to be held in the place thereof, so that the life tenant was entitled to receive the equivalent of the rental first from the income of the proceeds, and then from the principal, but that after termination of the lease only the income of the remaining proceeds could be paid to the life tenant.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 386; Dec. Dig. ☞273.]

Appeal from Special Term, New York County.

Action by Hattie G. Frankel against the Farmers' Loan & Trust Company and another, executors and trustees under the last will of Simon Frankel, deceased, and Charlotte Rosenbaum. From the judgment, plaintiff and defendant Charlotte Rosenbaum appeal separately. Reversed, with directions.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Moses J. Stroock, of New York City (E. F. Spitz, of New York City, on the brief), for plaintiff appellant Frankel.

Mark G. Holstein, of New York City, guardian ad litem, for appellant Rosenbaum.

Frederick Geller, of New York City, for respondent Farmers' Loan & Trust Co.

LAUGHLIN, J. The plaintiff is the widow of Simon Frankel, who died on the 17th day of May, 1911, leaving a last will and testament in and by which he appointed his widow and the Farmers' Loan & Trust

Company executors and trustees. The testator owned, among other property, a leasehold of the premises No. 420 Fifth avenue, borough of Manhattan, New York, which will expire on the 1st day of May, 1920. The executors and trustees on the 3d day of November, 1913, sold the unexpired term of this leasehold for $100,000. In a former action, brought by the plaintiff individually and as executor and trustee, against the Farmers' Loan & Trust Company and others, for the construction of the will, it was decided, among other things, that the rule by which trustees are required to exercise the power of sale and to convert wasting securities was not applicable to the construction of the will of the testator, and that the executors and trustees were neither required to sell this and other leaseholds owned by the testator, nor to make any deduction from the rentals to accummulate a fund to make good the .capital invested in the leaseholds at the expiration thereof for the benefit of the remaindermen, and that the appellants were respectively entitled in succession for their respective lives to receive the entire net rentals received from the leaseholds for the balance of the terms of said leaseholds. Frankel v. Farmers' Loan & Trust Company, 152 App. Div. 58, 136 N. Y. Supp. 703, affirmed on opinion below 209 N. Y. .553, 103 N. E. 1124.

Immediately after the decision of the Court of Appeals in the former action, this leasehold was sold, and the Trust Company, which holds the fund, insisted that the life tenant was entitled only to the net income on the proceeds of the sale. The plaintiff thereupon brought this action to have it adjudicated, in effect, that the proceeds of the sale of the leasehold stand in place of the leasehold, and that the life tenants are entitled to the same semiannual income therefrom as had been received prior to the sale, either until the entire fund is exhausted, or, at least, until the termination of the period for which the leasehold ran.

It is contended by the appellants that the former decision, which expressly adjudicated that they were entitled to the net rentals from the leasehold for the balance of the term, is res adjudicata that they are entitled to the *same income* from the proceeds of the sale. It is not contended that the former decision constitutes an adjudication that the executors and trustees could not exercise the discretionary power of sale conferred upon them by the tenth clause of the will with respect to changing investments of the residuary estate; but it is contended by appellants that when that power was exercised it was subject to their rights as adjudicated by the former decision. It is not contended, and in view of the former decision could not well be claimed, that the executors and trustees were required to sell the leasehold, for it was expressly adjudicated that they were not so required; but it is contended on the part of the Trust Company that, inasmuch as the leasehold had not been sold when the former decision was made, it should not be deemed an adjudication with respect to the rights of the appellants in and to the proceeds of the sale of the leasehold, in the event of such sale in the exercise of the discretionary power conferred by the will upon the executors and trustees.

Technically I think the Trust Company is right in its contention that the *pleadings* in the former action did not present that question for de-

cision. It is evident, however, from the opinion of this court on the appeal in the former action, that the question was deemed presented, and that in the opinion of the court the power of sale, if exercised at all, with respect to the leaseholds, could be exercised only for the benefit of the appellants, and not for the benefit of the remaindermen. It is stated in the opinion of the court written by Mr. Justice Scott that one of the questions presented for decision was "whether the plaintiff, and her daughter after her decease, are entitled to insist that the leaseholds be retained as a part of the trust estate, and that they, in turn, receive the net income therefrom." The material provisions of the will are stated in the former opinion of this court, and it appears therefrom that the testator conferred upon his widow authority to require the executors and trustees to pay over any part or all of the residuary estate to his daughter, which clearly shows that the provisions by which he disposed of any remainder that might be left were secondary considerations to his primary interest in his widow and daughter. Our opinion in the former action shows that we construed the will as manifesting a clear intent on the part of the testator that his widow and daughter should enjoy the residuary estate to the fullest extent, and although the will did not in express terms provide that they should have the net income from the leasehold, we decided the case upon the theory that the rule applicable to bequests of the income of specific securities was applicable. That rule is well stated in Lord v. Godfrey, 4 Madd. 455, wherein it was held that with respect to such bequests a discretionary power to executors and trustees to sell securities is deemed to have been conferred in furtherance and not in derogation of the rights of the life tenant. In that case, Sir John Leach, Vice Chancellor, said:

"It would, I think, be too much to intend that the testator meant to authorize the trustees, at their pleasure, to diminish the gift he had before made to his wife. Such a power is given to trustees with a view to the security of the property, and not with a view to vary or affect the relative rights of the legatees."

In the former action the Trust Company requested conclusions of law to the effect that the leaseholds "were not bequeathed or devised in specie" to the trustees named in the will, and that they were vested with discretionary power to sell them. These requests were refused. The points filed by the Trust Company in this court and in the Court of Appeals in that action show that it understood the decision as holding that the executors and trustees were without power to sell the leaseholds. This leasehold could not have been sold without the consent of the plaintiff as executor and trustee, and it is manifest that in joining in the sale she understood that she and her daughter were protected by the former decision, and that their relative rights would remain unaffected by the sale. The remaindermen did not oppose her contentions in the former action, nor have they opposed them in this action. If the decision from which the appeal is taken, which sustains the contention of the Trust Company, were sustained, it would work a great injustice to the appellants, but it would still be within the power of the plaintiff to prevent the Trust Company from carrying

into effect its purpose of holding the proceeds of the sale of the leasehold for the remaindermen, by directing that all of the estate be delivered to her daughter, or by requiring that such proceeds be delivered to her, as the will authorized her to take $100,000 of the principal if she so elected; but as we construed the will before, and as we construe it now, it is unnecessary for her to resort to those remedies. We hold that the power of sale could be exercised only for the benefit of the appellants, and that the proceeds of the sale should be deemed to be held in the place and stead of the leasehold.

The Trust Company contends that in any event the appellants should receive no more than they would have received if the leasehold had not been sold, and that at most only the rental of $13,000 should be paid semiannually, first from the income of the $100,000, and then from principal, and that after the expiration of the term of the leasehold, if either appellant shall be living, she should be confined to the income of the remaining proceeds of the sale of the leasehold. We agree with that contention.

These views require the reversal of conclusions of law numbered first, second, third, fourth, sixth, and seventh, and of the judgment, except with respect to costs, and appropriate conclusions of law and judgment for appellants, together with costs of the appeal to appellants, payable out of the estate. Settle order on notice. All concur.